THE STATE EX REL. SEBESTYEN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Sebestyen v. Indus. Comm.* (1994), 71 Ohio St.3d 36.]

(No. 93–1902—Submitted September 20, 1994—Decided November 23, 1994.)

38

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy; Frank L. Gallucci, Jr. Co., L.P.A.,* and *Frank Gallucci,* for appellant.

*Lee Fisher,* Attorney General, *Michael O'Grady* and *Diane M. Meftah,* Assistant Attorneys General, for appellee Industrial Commission.

*Per Curiam.* Claimant seeks to compel a permanent total disability award pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Preliminarily, however, claimant raises two related issues that can be quickly resolved.

First, the commission did not abuse its discretion in rendering its decision unaided by written guidelines. *State ex rel. Blake v. Indus. Comm.* (1992), 65 Ohio St.3d 453, 605 N.E.2d 23. Second, the commission is not bound by the conclusions stated in the vocational report, since it is the ultimate adjudicator of both disability and evidentiary weight and credibility. *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946; *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

Preliminary to any consideration of *Gay* relief is a showing that the order's explanation did not satisfy *Noll, supra.* That prerequisite is met here.

The commission, as was its prerogative, indicated that claimant's forty-year residency in the United States ameliorated the potential obstacle of English as claimant's second language. However, comparable elaboration did not accompany the commission's reference to claimant's age, education or work history, all of which appear vocationally unfavorable. The commission does not indicate how these elements combine to render claimant amenable to rehabilitation for other work.

We must now decide whether to order the commission to vacate its order and to issue a new order in compliance with *Noll,* or whether the evidence is clear enough that we may simply order the commission to allow compensation for permanent total disability, pursuant to *Gay.* Before us is a claimant who was already of advanced years at the time of his injury and whose entire life has been spent as a skilled craftsman. While an injury such as claimant's might have minimal effect on most other workers, skilled or unskilled, the impact on this claimant has been much more debilitating. Given claimant's nonmedical background, we find *Gay* relief to be appropriate.

Accordingly, the judgment of the appellate court is reversed. We order the commission to vacate its order and to issue an order finding claimant to be permanently and totally disabled.

*Judgment reversed*
*and writ allowed.*

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., dissents.

WRIGHT, J., dissents for the reasons stated in the Chief Justice's separate concurring opinion in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.