THE STATE EX REL. BRYANT, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Bryant v. Indus. Comm.* (1996), 74 Ohio St.3d 458.]

(No. 94–1093—Submitted October 24, 1995—Decided February 7, 1996.)

460

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A.*, and *James A. Whittaker*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Janie D. Roberts*, Assistant Attorney General, for appellee.

*Per Curiam.* Claimant seeks to compel a permanent total disability compensation award pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Upon review, we find such relief to be inappropriate, and return the cause to the commission for further consideration and amended order pursuant to *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

Preliminary to any consideration of relief pursuant to *Gay* is a finding that *Noll* has not been met. *State ex rel. Sebestyen v. Indus. Comm.* (1994), 71 Ohio St.3d 36, 38, 641 N.E.2d 197, 199. *Noll* noncompliance in this case stems from a deficiency which we are encountering with increasing frequency—the inconsistency between the commission's actions and words.

The commission cites claimant's occupational longevity as evidence that retraining is unimpeded by age. Several months earlier, however, the commission refused to refer claimant to its own rehabilitation division because it felt that claimant was too old. Claimant either is or is not too old for effective retraining—he cannot be both.

Left to decide between *Noll* or *Gay* relief, we elect the former. As we reaffirmed in *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 658 N.E.2d 1055, we will not review the commission's findings *de novo*. To proceed further in this instance would force us to speculate as to which age assessment more accurately reflects the commission's views—an action we decline to take. Guidance from the commission is imperative on this important issue.

Accordingly, the judgment of the court of appeals is reversed and a limited writ is issued that returns the cause to the commission for further consideration and amended order.

*Judgment reversed*
*and limited writ granted.*

DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

COOK, J., dissenting. I respectfully dissent. Because I consider the commission's order to have sufficiently explained its bases for the decision to deny permanent total disability compensation to this claimant, I would affirm the judgment of the court of appeals to deny the writ.

In explaining its order, the commission cited that the claimant is not medically prevented from performing light to sedentary work, that factors such as his work history as a vocational instructor and his prior participation in a vocational program support his ability to retrain vocationally, and that the file reflects that the claimant planned to work for a number of years past retirement. *Noll* requirements are satisfied by the commission's order, in my view, and there is "some evidence" in the order which supports the decision. Thus, the decision of the commission that claimant is able to sustain remunerative employment should not be overridden by the age and education factors seized by the majority.

The rationale of the majority decision can legitimately be construed to mean that if a claimant is over eighty years old with a seventh grade education, that claimant is permanently and totally disabled as a matter of law.

MOYER, C.J., concurs in the foregoing dissenting opinion.