THE STATE EX REL. DEZARN, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. DeZarn v. Indus.*
*Comm.* (1996), 74 Ohio St.3d 461.]

(No. 94–1232—Submitted December 5, 1995—Decided February 7, 1996.)

*William D. Snyder & Associates* and *J. Jeffrey Albrinck,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Charles Zamora,* Assistant Attorney General, for appellee.

*Per Curiam.* Claimant seeks to compel a permanent total disability compensation award pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. For the reasons to follow, we deny the claimant's request and affirm the judgment of the court of appeals.

Preliminary to any consideration of *Gay* relief is a finding that *Noll* has not been met. *State ex rel. Sebestyen v. Indus. Comm.* (1994), 71 Ohio St.3d 36, 641 N.E.2d 197. In this case, the commission clearly articulated its reason for the denial of permanent total disability compensation—claimant's age, not injury, was deemed to be the overwhelming impediment to a return to work.

In *State ex rel. Speelman v. Indus. Comm.* (1992), 73 Ohio App.3d 757, 763, 598 N.E.2d 192, 196, the court of appeals observed:

"The non-medical factors include those that may, in certain instances, be held to constitute causation for the person being unable to engage in substantially remunerative employment despite the medical disability from the allowed condition(s). For example, claimant may be disabled at age fifty-five from returning to the former position of employment but, at that time, be capable of obtaining sustained remunerative employment within the medically limiting capabilities that the claimant has, after considering all non-medical factors, including age. Ten or fifteen years may elapse with the physical condition remaining approximately the same. At that time, the age factor may be combined with the disability to disqualify claimant from any sustained remunerative employment. *In that event, the Industrial Commission should have the discretion to find that the sole causal factor is the increase in age rather than the allowed disability.*" (Emphasis added.)

*Speelman* makes an outstanding point. Permanent total disability compensation was never intended to compensate a claimant for simply growing old. Therefore, the commission must indeed have the discretion to attribute a claim-

ant's inability to work to age alone and deny compensation where the evidence supports such a conclusion.

In this case, Dr. Woolf's report is "some evidence" supporting such a finding. Dr. Woolf specifically attributed claimant's inability to work to "time and the natural progression of aging." The commission's denial of permanent total disability compensation was not, therefore, an abuse of discretion.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.