[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 461.]

THE STATE EX REL. DEZARN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLEE.

**[Cite as *State ex rel. DeZarn v. Indus. Comm.*, 1996-Ohio-143.]**

*Workers' compensation—Application for permanent total disability compensation—Compensation denied when Industrial Commission determines claimant's age, not injury, was the overwhelming impediment to a return to work—Commission's denial of compensation not an abuse of discretion when supported by "some evidence."*

(No. 94-1232—Submitted December 5, 1995—Decided February 7, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD04-554.

_____

{¶ 1} In 1983, appellant-claimant, Howard S. DeZarn, injured his back and knees while in the course of and arising from his employment with the Cincinnati Area Council on Aging. He immediately returned to work, but was "terminated" five weeks later. The character of (firing or layoff) and reason for termination are unknown. Claimant's workers' compensation claim was allowed for "sprain of left knee, dislocated medial meniscus, cartilage right knee and sciatic radiculitis of low back." Treatment throughout has been conservative.

{¶ 2} Claimant moved to California in 1985. In 1988, claimant filed a motion with appellee, Industrial Commission of Ohio, for permanent total disability compensation. Dr. Robert Bingham reported that same year that claimant was incapable of sustained remunerative employment.

{¶ 3} In 1991, at the commission's request, Dr. Lee A. Woolf examined claimant. Dr. Woolf ultimately assessed a twenty-seven percent permanent partial impairment attributable to claimant's allowed conditions. Dr. Woolf concluded, "This gentleman, somewhere in his 60's, age uncertain, was not entirely

cooperative in this examination, but I think that we were able to secure the correct measurements and things to arrive at a determination. The true limiting factor on his ability to work, in my opinion, is time and the natural progression of aging. I think his industrial mishaps have long ago healed and what he has is what he has. ***"

{¶ 4} The commission denied permanent total disability compensation, but the Court of Appeals for Franklin County, pursuant to claimant's mandamus complaint, returned the cause to the commission for further consideration and amended order, under *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St. 3d 203, 567 N.E.2d 245. The commission again denied compensation, stating:

"The reports of Doctor(s) Bingham, [and] Woolf were reviewed and evaluated. The order is based particularly upon the reports of Doctor(s) [*sic*] Woolf, evidence in the file and/or evidence adduced at the hearing.

"The claimant is 71 years old and has a work history as a construction worker, logger and heavy equipment operator. Commission Specialist, Dr. Woolf, has indicated that the claimant has a 27% permanent partial impairment from the allowed conditions in the claim. He further indicated that the true limitation [*sic*] factor on his ability to work was time and the natural progression of aging. Given the relatively small percentage of impairment assigned by Dr. Woolf, the claimant's age is the primary obstacle in his returning to work. It is found that the disability resulting from the allowed conditions of the claim do[es] not permanently preclude a return to any form of sustained remunerative employment."

{¶ 5} Claimant again filed a complaint in mandamus in the court of appeals, alleging that the commission had abused its discretion in once more denying permanent total disability compensation. The court of appeals denied the writ.

{¶ 6} This cause is now before this court upon an appeal as of right.

_____

*William D. Snyder & Associates* and *J. Jeffrey Albrinck*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Charles Zamora*, Assistant Attorney General, for appellee.

_____

*Per Curiam*.

{¶ 7} Claimant seeks to compel a permanent total disability compensation award pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E. 2d 666. For the reasons to follow, we deny the claimant's request and affirm the judgment of the court of appeals.

{¶ 8} Preliminary to any consideration of *Gay* relief is a finding that *Noll* has not been met. *State ex rel. Sebestyen v. Indus. Comm.* (1994), 71 Ohio St.3d 36, 641 N.E.2d 197. In this case, the commission clearly articulated its reason for the denial of permanent total disability compensation--claimant's age, not injury, was deemed to be the overwhelming impediment to a return to work.

{¶ 9} In *State ex rel. Speelman v. Indus. Comm.* (1992), 73 Ohio App. 3d 757, 763, 598 N.E.2d 192, 196, the court of appeals observed:

"The non-medical factors include those that may, in certain instances, be held to constitute causation for the person being unable to engage in substantially remunerative employment despite the medical disability from the allowed condition(s). For example, claimant may be disabled at age fifty-five from returning to the former position of employment but, at that time, be capable of obtaining sustained remunerative employment within the medically limiting capabilities that the claimant has, after considering all non-medical factors, including age. Ten or fifteen years may elapse with the physical condition remaining approximately the same. At that time, the age factor may be combined with the disability to disqualify claimant from any sustained remunerative employment. *In that event, the Industrial Commission should have the discretion to find that the sole causal factor is the increase in age rather than the allowed disability.*" (Emphasis added.)

**{¶ 10}** *Speelman* makes an outstanding point. Permanent total disability compensation was never intended to compensate a claimant for simply growing old. Therefore, the commission must indeed have the discretion to attribute a claimant's inability to work to age alone and deny compensation where the evidence supports such a conclusion.

**{¶ 11}** In this case, Dr. Woolf's report is "some evidence" supporting such a finding. Dr. Woolf specifically attributed claimant's inability to work to "time and the natural progression of aging." The commission's denial of permanent total disability compensation was not, therefore, an abuse of discretion.

**{¶ 12}** The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____