**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 458.]**

THE STATE EX REL. BRYANT, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Bryant v. Indus. Comm.*, 1996-Ohio-67.]

*Workers' compensation—Application for permanent total disability compensation denied by Industrial Commission—Cause returned to commission by Supreme Court for further consideration and amended order, when.*

(No. 94-1093—Submitted October 24, 1995—Decided February 7, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD05-685.

————————————

{¶ 1} Appellant-claimant, Otis Bryant, was awarded workers' compensation benefits for a "cervical fracture and subluxation of C2-3 with left-sided weakness" which occurred while in the course of and arising from his employment with Human Involvement Pro. In 1991, he moved appellee, Industrial Commission of Ohio, for permanent total disability compensation.

{¶ 2} Among the medical evidence before the commission was the report of Dr. Ron M. Koppenhoeffer, who stated:

"When one takes into effect his decreased range of motion involving his left shoulder, cervical spine, as well as his spinal cord injury, I believe Mr. Bryant has a forty-one percent (41%) permanent partial impairment to the body as a whole. *** With his decreased range of motion of his shoulder and neck, I do not believe he could return to his former position of employment. His coordination would also interfere with his ability to return at that position.

"The patient is medically and psychologically stable to participate in rehabilitation services. However, I believe his current age of 79 and his limited formal education would prohibit him from being placed in rehabilitation. However,

with these factors aside, I believe he should be recommended for sedentary to possibly light activities. *** "

{¶ 3} On July 20, 1992, a commission deputy awarded permanent total disability in an interlocutory order, writing:

"This order is based particularly upon the report(s) of Dr. Nobunaga, who for the claimant, dated 1-23-92, who found claimant's [*sic*] is unlikely to perform substantial gainful employment on a sustained basis, [and] Dr. Koppenhoeffer for the Industrial Commission dated 2-28-92 who found claimant's age of 79 and his limited formal education would prohibit him from being placed in rehabilitation. A consideration of the claimant's age of 79, 7th grade education, [and] a work history which includes job as a woodworker and manual work ***. Additional factors considered in reaching this decision were claimant's age of 79, his 7th grade education, his limitations concerning use of his hands in regards to dexterity activities and the vocational report from Michael Farrell, Ph.D. and associates."

{¶ 4} However, when the application was heard by the full commission, it denied permanent total disability compensation, stating:

"The entirety of the medical evidence was reviewed relative to the instant application, and the Commission has found to be persuasive the report of Dr. Koppenhoeffer. The report is found to conclude that the allowed conditions in the claim do not prevent the claimant from performing light to sedentary levels of employment. Additionally, this report states that the claimant is medically stable to participate in rehabilitation services in an attempt to return him to the active workforce. As such, the Commission finds the claimant's education to be of a sufficient degree to participate in and benefit from retraining in light to sedentary levels of employment. Moreover, the commission finds that the claimant's work history as a vocational instructor relates that he would be able to use and implement skills acquired in rehabilitation in a sustained fashion. It is noted that claimant had completed a vocational program previously, and prior to injury, in order to secure

his position with the instant employer. It is also noted the commission does not find the claimant's current age of 80 to be an impediment to his undergoing retraining or work hardening as the commission is convinced by statements within the file that he was intending to work for a number of years past retirement age. As evidence of this, it is noted that the claimant was 72 at the time of injury. Based on these factors which speak to the claimant's ability to be retrained vocationally, the Commission has found the report of Mr. Techlenberg to not be persuasive. Accordingly, the Commission finds the claimant to be able to sustain remunerative employment."

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming the commission abused its discretion in denying permanent total disability compensation. The appellate court denied the writ after finding the commission's order was supported by "some evidence."

{¶ 6} This cause is now before this court upon an appeal as of right.

———————————————

*Butkovich, Schimp, Schimp & Ginocchio Co., L.P.A.,* and *James A. Whittaker*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Janie D. Roberts*, Assistant Attorney General, for appellee.

———————————————

*Per Curiam.*

{¶ 7} Claimant seeks to compel a permanent total disability compensation award pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St. 3d 315, 626 N.E. 2d 666. Upon review, we find such relief to be inappropriate, and return the cause to the commission for further consideration and amended order pursuant to *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St. 3d 203, 567 N.E.2d 245.

{¶ 8} Preliminary to any consideration of relief pursuant to *Gay* is a finding that *Noll* has not been met. *State ex rel. Sebestyen v. Indus. Comm.* (1994), 71 Ohio

St.3d 36, 38, 641 N.E.2d 197, 199. *Noll* noncompliance in this case stems from a deficiency which we are encountering with increasing frequency—the inconsistency between the commission's actions and words.

{¶ 9} The commission cites claimant's occupational longevity as evidence that retraining is unimpeded by age. Several months earlier, however, the commission refused to refer claimant to its own rehabilitation division because it felt that claimant was too old. Claimant either is or is not too old for effective retraining—he cannot be both.

{¶ 10} Left to decide between *Noll* or *Gay* relief, we elect the former. As we reaffirmed in *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 658 N.E.2d 1055, we will not review the commission's findings *de novo*. To proceed further in this instance would force us to speculate as to which age assessment more accurately reflects the commission's views--an action we decline to take. Guidance from the commission is imperative on this important issue.

{¶ 11} Accordingly, the judgment of the court of appeals is reversed and a limited writ is issued that returns the cause to the commission for further consideration and amended order.

*Judgment reversed, and limited writ granted.*

DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and COOK, JJ., dissent.

—————————————

**COOK, J., dissenting.**

{¶ 12} I respectfully dissent. Because I consider the commission's order to have sufficiently explained its bases for the decision to deny permanent total disability compensation to this claimant, I would affirm the judgment of the court of appeals to deny the writ.

{¶ 13} In explaining its order, the commission cited that the claimant is not medically prevented from performing light to sedentary work, that factors such as

his work history as a vocational instructor and his prior participation in a vocational program support his ability to retrain vocationally, and that the file reflects that the claimant planned to work for a number of years past retirement. Noll requirements are satisfied by the commission's order, in my view, and there is "some evidence" in the order which supports the decision. Thus, the decision of the commission that claimant is able to sustain remunerative employment should not be overridden by the age and education factors seized by the majority.

{¶ 14} The rationale of the majority decision can legitimately be construed to mean that if a claimant is over eighty years old with a seventh grade education, that claimant is permanently and totally disabled as a matter of law.

MOYER, C.J., concurs in the foregoing dissenting opinion.

––––––––––––––