THE STATE EX REL. MOSS, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Moss v. Indus. Comm.*
(1996), 75 Ohio St.3d 414.]

(No. 95–1128—Submitted February 6, 1996—Decided April 10, 1996.)

416

*William M. Culbert* and *Penny McCabe,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Reeve W. Kelsey,* Assistant Attorney General, for appellant.

———————

*Per Curiam.* Claimant successfully obtained *Gay* relief from the court of appeals. That decision, however, was rendered without the benefit of *State ex rel. Pass v. C.S.T. Extraction Co.* (1995), 74 Ohio St.3d 373, 658 N.E.2d 1055; *State ex rel. DeZarn v. Indus. Comm.* (1996), 74 Ohio St.3d 461, 659 N.E.2d 1259; and *State ex rel. Bryant v. Indus. Comm.* (1996), 74 Ohio St.3d 458, 659 N.E.2d 1256. Upon review, we find that those decisions dictate reversal of the judgment rendered below.

*Gay* relief cannot be considered without a preliminary determination that the requirements in *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, have not been met. *State ex rel. Sebestyen v. Indus. Comm.* (1994), 71 Ohio St.3d 36, 641 N.E.2d 197. The appellate court, however, never made this determination. Its decision to issue a writ of mandamus pursuant to *Gay* was, therefore, premature.

Our analysis of the commission's order reveals *Noll* compliance. In so holding, we recognize the significant impediment that claimant's age ·presents to her

reemployment. Workers' compensation benefits, however, were never intended to compensate claimants for simply growing old.

Age must instead be considered on a case-by-case basis. To effectively do so, the commission must deem any presumptions about age rebuttable. Equally important, age must never be viewed in isolation. A college degree, for example, can do much to ameliorate the effects of advanced age.

*Pass, DeZarn* and *Bryant* support these propositions. Collectively, these cases establish that there is not an age—ever—at which reemployment is held to be a virtual impossibility as a matter of law. Certainly, it would be remiss to ignore the limitations that age can place on efforts to secure other employment. However, limitation should never automatically translate into prohibition.

Each claimant is different, with different levels of motivation, initiative and resourcefulness. The claimant in *Bryant* is an excellent example of a claimant who was motivated to work well beyond retirement age and was resourceful enough to find a job that valued the experience that his advanced age brought.

This underscores the commission's responsibility to affirmatively address the age factor. It is not enough for the commission to just acknowledge claimant's age. It must discuss age in conjunction with the other aspects of the claimant's individual profile that may lessen or magnify age's effects.

In this case, the commission recognized the impediments that claimant's age imposed on her ability to obtain other work. The commission, however, did not find these limitations to be a complete bar to reemployment. Given claimant's relatively low level of impairment, the commission reasoned that, with the claimant's ability to read, write, and do math, sedentary work was not absolutely precluded. This conclusion was within the commission's prerogative as the exclusive evaluator of disability, and we will not substitute our judgment for that of the commission. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936; *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

WRIGHT, J., not participating.

DOUGLAS, J., dissenting. I would affirm the court of appeals in all respects.

RESNICK, J., concurs in the foregoing dissenting opinion.