[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 414.]

THE STATE EX REL. MOSS, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Moss v. Indus. Comm.*, 1996-Ohio-306.]

*Workers' compensation—Denial of application for permanent total disability compensation—Industrial Commission is exclusive evaluator of disability and Supreme Court will not substitute its judgment for that of the commission.*

(No. 95-1128—Submitted February 6, 1996—Decided April 10, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD05-694.

————————————

{¶ 1} Appellee-claimant, Lillian G. Moss, was injured in 1979 and 1985 in the course of and arising from her employment with St. Rose Catholic Church. The claims were collectively allowed for "crushed left shoulder and damaged muscles, compression fracture low back; post traumatic osteoarthritis; aggravation of pre-existing osteoporosis."

{¶ 2} In 1991, claimant applied for permanent total disability compensation. Among the evidence before the appellant, Industrial Commission of Ohio, was the May 27, 1993 report of Dr. S. S. Purewal. He stated:

"For conditions allowed under Claim # 79-7798, the fractures at the left shoulder are healed, but she has moderate limitation of motion ***. Taking into account these allowed conditions only, and were it not for this patient's age and general condition, she would be able to return to her former position of employment and, as a matter of fact, she did return to her job after these fractures healed in 1979. She would not be able to perform any overhead reaching and lifting with her left arm. *** [S]he has 15% impairment of the whole person. ***

"For conditions allowed under Claim #85-30825, she has generalized severe osteoporosis and osteoarthritic changes consistent with her age along with compression fractures of the thoracolumbar spine, which is not an unusual finding in this age group. She continues to have back pain and has significant limitation regarding any bending, stooping or lifting; thus, she is not able to return to her former position of employment as a housekeeper. *** [S]he has a 15% impairment of the whole person for the conditions allowed under this claim. The treatment up to this point has been appropriate, but the condition in general is not curative and worsens with age.

"Taking into account the two claims together, she has a 28% impairment of the whole person and she is not able to return to her former position of employment. She cannot perform any job that would require bending, stooping, lifting of objects over 10-15 pounds, or any overhead reaching with her left arm and shoulder."

{¶ 3} In a July 26, 1989 vocational report, Rod W. Durgin, Ph.D., commented:

"Assuming that Ms. Moss is physically incapable of returning to any of her previous work experiences and based on the medical reports reviewed, her age (advanced age), education and her non-acquisition of any transferrable work skills, it is my opinion that Ms. Moss would be restricted to a variety of unskilled work that is sedentary in nature.

"A computerized analysis reveals that such work constitutes 0.77 % of the job's existing in her local labor market. ***

"* * * It is my opinion that based on the non-availability of jobs for her and her extremely low employability level, Ms. Moss is 100 % unemployable."

{¶ 4} The commission on July 8, 1993 denied permanent total disability compensation, writing:

"The findings and order are based particularly on the medical report(s) of Dr.(s) Purewal, the evidence in the file and the evidence adduced at hearing.

"It is found that the claimant is 78 years old; she has an eighth grade education with an ability to read, write, and do basic math; and she has worked as a housekeeper. *** All treatment has been conservative. *** Dr. Purewal indicates that due to the claimant's age and her injuries, she would have certain limitations when performing work activity; but she could lift from 10 to 15 pounds. The claimant has an eighth grade education, but she indicates she can read, write, and do basic math. Dr. Durgin states that due to the claimant's age, not the injury, the claimant would have a difficult time obtaining employment within her abilities. However, there is no evidence that with an ability to read, write, and do math, that claimant would be totally precluded from engaging in various unskilled sedentary forms of gainful employment with lifting abilities up to 10 to 15 pounds. Accordingly, although the claimant may be limited due to her advanced age of 78, she is not totally precluded from engaging in all sustained remunerative employment due to the two injuries *** when considering her residual capacities and her educational abilities, including the ability to perform work where reading, writing, and basic math are sufficient for the performance of sedentary job duties."

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying her permanent total disability compensation. The court agreed and ordered the commission to find claimant permanently and totally disabled pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E. 2d 666.

{¶ 6} This cause is now before this court upon an appeal as of right.

_____

*William M. Culbert* and *Penny McCabe*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Reeve W. Kelsey*, Assistant Attorney General, for appellant.

_____

***Per Curiam.***

**{¶ 7}** Claimant successfully obtained *Gay* relief from the court of appeals. That decision, however, was rendered without the benefit of *State ex rel. Pass v. C.S.T. Extraction Co.* (1995), 74 Ohio St.3d 373, 658 N.E.2d 1055; *State ex rel. DeZarn v. Indus. Comm.* (1996), 74 Ohio St.3d 461, 659 N.E.2d 1259; and *State ex rel. Bryant v. Indus. Comm.* (1996), 74 Ohio St.3d 458, 659 N.E.2d 1256. Upon review, we find that those decisions dictate reversal of the judgment rendered below.

**{¶ 8}** *Gay* relief cannot be considered without a preliminary determination that the requirements in *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St. 3d 203, 567 N.E.2d 245, have not been met. *State ex rel. Sebestyen v. Indus. Comm.* (1994), 71 Ohio St.3d 36, 641 N.E.2d 197. The appellate court, however, never made this determination. Its decision to issue a writ of mandamus pursuant to *Gay* was, therefore, premature.

**{¶ 9}** Our analysis of the commission's order reveals *Noll* compliance. In so holding, we recognize the significant impediment that claimant's age presents to her reemployment. Workers' compensation benefits, however, were never intended to compensate claimants for simply growing old.

**{¶ 10}** Age must instead be considered on a case-by-case basis. To effectively do so, the commission must deem any presumptions about age rebuttable. Equally important, age must never be viewed in isolation. A college degree, for example, can do much to ameliorate the effects of advanced age.

**{¶ 11}** *Pass, DeZarn* and *Bryant* support these propositions. Collectively, these cases establish that there is not an age—ever—at which reemployment is held to be a virtual impossibility as a matter of law. Certainly, it would be remiss to ignore the limitations that age can place on efforts to secure other employment. However, limitation should never automatically translate into prohibition.

**{¶ 12}** Each claimant is different, with different levels of motivation, initiative and resourcefulness. The claimant in *Bryant* is an excellent example of a

claimant who was motivated to work well beyond retirement age and was resourceful enough to find a job that valued the experience that his advanced age brought.

{¶ 13} This underscores the commission's responsibility to affirmatively address the age factor. It is not enough for the commission to just acknowledge claimant's age. It must discuss age in conjunction with the other aspects of the claimant's individual profile that may lessen or magnify age's effects.

{¶ 14} In this case, the commission recognized the impediments that claimant's age imposed on her ability to obtain other work. The commission, however, did not find these limitations to be a complete bar to reemployment. Given claimant's relatively low level of impairment, the commission reasoned that, with the claimant's ability to read, write, and do math, sedentary work was not absolutely precluded. This conclusion was within the commission's prerogative as the exclusive evaluator of disability, and we will not substitute our judgment for that of the commission. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936; *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946.

{¶ 15} Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

WRIGHT, J., NOT PARTICIPATING.

_____

**DOUGLAS, J., dissenting.**

{¶ 16} I would affirm the court of appeals in all respects.

RESNICK, J., concurs in the foregoing dissenting opinion.

_____