[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 461.]

THE STATE EX REL. DRAGANIC, APPELLEE, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLANT.

[Cite as *State ex rel. Draganic v. Indus. Comm.*, 1996-Ohio-302.]

*Workers' compensation—Application for permanent total disability compensation denied by Industrial Commission—Relief pursuant to State ex rel. Gay v. Mihm inappropriate, when.*

(No. 94-2403—Submitted March 5, 1996—Decided May 15, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD10-1491.

———————————

{¶ 1} Appellee-claimant, Pete A. Draganic, Jr., was injured in the course of and arising from his employment with S.K. Wellman Company. His workers' compensation claim was later allowed for "low back strain, herniated lumbar disc, torn medial meniscus left knee, right lateral epicondylitis and contusion right tibial tubercle."

{¶ 2} On January 10, 1992, appellant Industrial Commission of Ohio held a hearing on the issues of temporary total and permanent total disability compensation. The staff hearing officer terminated temporary total disability compensation based upon the permanency of claimant's condition. On the issue of claimant's application for permanent total disability compensation, the same hearing officer, acting as a deputy of the commission, wrote in a separate order:

"FINDINGS OF FACT AND ORDER OF THE COMMISSION

"INTERLOCUTORY ORDER

"***

"It is the finding of the Commission that the claimant is permanently and totally disabled; that compensation for such disability be awarded from 1/11/92 to

4/21/92; further payment of compensation to be considered at the next scheduled hearing on the issue of continuation of permanent and total disability* * *.

"Claim files to be referred to the Legal Section for preparation of a statement of facts to be completed within 43 days from the date of publication of this order and then set for hearing before the members of the Industrial Commission on the issue of continuation of the award of permanent and total disability compensation.

"The reports of doctor(s) Kaffen and Picklow were reviewed and evaluated.

"This order is based particularly upon the reports of William Fink, Vocational Consultant, a consideration of the claimant's age, education, [and] work history ***. The most persuasive factors considered in reaching this decision were claimant is age 54 with a bad back and bad knee. Particularly the physical findings of Dr. Picklow 'Bilateral paraspinous spasm was also noted. ROM [range of motion] about the lower back showed severe restrictions in pain as follows: extension was not possible; right lateral bending was limited to 5 degrees and left to 10 degrees when 20 degrees is the norm; flexion was barely possible to 30 degrees with an obviously flat rigid lordotic back.'

"***

"*CLOSED AWARD*"

{¶ 3} The order was signed and approved by the commission.

{¶ 4} The full commission heard claimant's application for permanent total disability compensation on June 30, 1992, and found that claimant was not permanently and totally disabled. The commission granted claimant's request for reconsideration after finding that its order may not have satisfied the requirements of *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St. 3d 203, 567 N.E.2d 245. Upon reconsideration, the commission again denied permanent total disability compensation, stating:

2

"The Commission finds from proof of record that the claimant is not permanently and totally disabled ***.

"The medical report(s) of Dr.(s) Picklow, Kaffen and Mr. Fink were reviewed and evaluated. The findings and order are based particularly on the medical report(s) of Dr.(s) Kaffen, the evidence in the file and the evidence adduced at hearing.

"The claimant is 55 years of age. Claimant was injured in 1962, and had a subsequent back surgery in 1963, but returned to work for an additional 17 years until 1980. Claimant has a high school education and prior work experience as a carpenter, foreman over machinery and set-up man. On December 5, 1991, William Fink, M.Ed., Vocational Consultant for the claimant, interviewed him and reviewed the report of Dr. Kaffen, Commission orthopedic physician, and concluded that claimant was unable to function in any area of sustained remunerative activity due to the limitations as determined by Dr. Kaffen. The Commission accepts the findings of Dr. Kaffen which contradict the conclusions of Mr. Fink, who finds claimant would be unable to function in sustained remunerative employment.

"Claimant has a work history including a carpenter foreman which is a position in which he could walk and sit intermittently as well as grasp or use fine manipulation. These are factors which claimant could use to maintain employment as he did for 17 years following his injury. Dr. Kaffen found that claimant has these physical capacities. Therefore, considering these physical capacities which claimant has, his Motion for Permanent Total Disability is denied."

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission's denial of his application for permanent total disability compensation was not supported by "some evidence." The court agreed and ordered the commission to vacate its order and award permanent total disability compensation pursuant to *State ex rel. Gay v Mihm*

(1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The court also found that, absent new and changed circumstances, it was an abuse of discretion for the commission to enter a conclusion contrary to that reached in its January 10, 1992 order.

{¶ 6} This cause is now before this court upon an appeal as of right.

_____

*Garson & Associates Co., L.P.A.,* and *Grace A. Szubski*, for appellee.

*Betty D. Montgomery*, Attorney General, *Michael P. O'Grady, Gerald H. Waterman* and *Elizabeth M. Wolf*, Assistant Attorneys General, for appellant.

_____

***Per Curiam.***

{¶ 7} Two questions are presented: (1) Was the commission bound by its deputy's determination that claimant was permanently and totally disabled? (2) If not, is permanent total disability compensation nevertheless compelled by *Gay*? For the reasons to follow, we answer both questions in the negative.

{¶ 8} The jurisdictional question posed by the appellate court's decision arose out of now repealed commission resolution R89-1-009, which read:

"(A)(3) * * * [T]he issues of temporary total and permanent total disability shall be scheduled for hearing on a special hearing docket. A staff hearing officer of the Industrial Commission shall serve in the capacity of a district hearing officer on the issue of temporary total disability and as a Deputy of the Industrial Commission pursuant to Section 4121.06 O.R.C. on the issue of permanent total disability compensation.

"* * *

"(C)(1) After the issue of temporary total disability is adjudicated the issue of permanent total disability shall be considered by the hearing officer as a Deputy of the Industrial Commission. Should the Deputy of the Industrial Commission find that the claimant is permanently totally disabled, the Deputy shall prepare an interlocutory order granting permanent total disability compensation for a specific

'closed end' period of time, subject to the approval and confirmation of the Industrial Commission. The order shall be separate and distinct from the order issued under the provisions of Section (B) of the instant Resolution. An explanatory letter will be directed to the claimant and will accompany all interlocutory orders of permanent and total disability issued under this procedure.

"* * *

"(3) At the end of the time period stated within the Deputy's order awarding permanent total disability, the issue of continued entitlement to permanent total disability compensation will be set for hearing before the members of the Industrial Commission.

"* * *

"(5) The payment of permanent total disability compensation will cease upon the expiration of the closed end period of time ordered by the Deputy of the Industrial Commission unless specifically extended by order of the Industrial Commission.

"(D) Should the Deputy of the Industrial Commission determine that permanent total disability compensation is not payable based on evidence before the Deputy of the Industrial Commission, the Deputy shall hold the issue of permanent total disability in abeyance and refer the same to the members of the Industrial Commission for adjudication."

{¶ 9} The contested order before us resembles, in several relevant respects, the order at issue in *State ex rel. Brewer v. Indus. Comm.* (1984), 12 Ohio St.3d 23, 12 OBR 20, 465 N.E.2d 389. There, in response to a claimant's permanent total disability motion, the commission ordered:

"'[T]hat the claimant is Permanently and Totally Disabled, that compensation for such disability be awarded from 2-10-81 to be paid until 10-27-82. Refer the claimant and file to Mr. Armstrong's office for evaluation of Claimant's rehabilitation potential, that once this information is on file, refer this

file to the Legal Section for preparation of a supplemental statement of facts and then this matter is to be reset * * *.'" *Id*. at 24, 12 OBR at 21, 465 N.E.2d at 390.

{¶ 10} After its review of the rehabilitation report, the commission found that claimant was not permanently and totally disabled, and denied further compensation. The claimant challenged the latter order, arguing that "the commission's order of October 27, 1981 was final and not subject to modification subject to R.C. 4123.52 in the absence of new or changed conditions." *Id.*

{¶ 11} We disagreed, finding that the order was not final, but was instead "clearly provisional pending further evaluation of appellant's claim." *Id*. We reasoned:

"The first sentence of the commission's decision states that 'the claimant is Permanently and Totally Disabled,' and makes an award for 'such disability.' Appellant contends that this finding is conclusive upon the commission. The award, however, is limited to the period beginning February 10, 1981 (the date when appellant's motion was filed) and ending October 27, 1982 (exactly one year after the initial order was issued). This limitation, in itself, is indicative of the order's provisional nature.

"The language following the limited award clearly identifies the commission's intent to subject appellant's claim to further review. Appellant was to be evaluated by the rehabilitation division after which his file was to be reexamined by the legal section. Then the matter was to be reset. In short, the order itself provides the best support for the commission's argument that it was provisional and, therefore, subject to change." *Id*. at 24-25, 12 OBR at 21, 465 N.E.2d at 390.

{¶ 12} *Brewer's* logic is equally applicable here. The present order's language clearly indicated that the award was for a closed period only and was subject to change. The commission did not, therefore, abuse its discretion in refusing to extend compensation.

{¶ 13} Claimant alternately argues that if the deputy's order is not controlling, *Gay* dictates permanent total disability compensation nonetheless. This contention is unpersuasive.

{¶ 14} Claimant was only fifty-five years old when permanent total disability compensation was denied, and possessed a high school education. Dr. Kaffen, on whom the commission relied, gave evidence from which the commission found claimant capable of sedentary work. Given our recent decisions in *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 658 N.E.2d 1055, *State ex rel. Bryant v. Indus. Comm.* (1996), 74 Ohio St.3d 458, 659 N.E.2d 1256, and *State ex rel. DeZarn v. Indus. Comm.* (1996), 74 Ohio St.3d 461, 659 N.E.2d 1259, *Gay* relief is inappropriate.

{¶ 15} Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

WRIGHT, J., not participating.

————————————