DECISION
{¶ 1} Relator, Ronald Biars, filed this original action seeking a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying his application for permanent total disability ("PTD") compensation and to issue a new order granting the same application or, alternatively, to issue a new order either granting or denying his application in compliance with State ex rel. Nollv. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate found the commission did not abuse its discretion by denying relator's application for PTD compensation. Therefore, the magistrate recommended the court deny relator's request for a writ of mandamus.
 {¶ 3} Relator timely filed an objection to this decision. Relator contends:
[T]he commission, as well as this court's magistrate, seem to imply that an exception to the Stephenson rule exists. Specifically, they argue that the commission seemingly has no duty to consider the impact of the non-medical disability factors so long as there exists unskilled employment. This argument is unsupported by existing law.[1]
 {¶ 4} Contrary to relator's objection, and as the magistrate clearly stated in her decision, the commission considered relator's age, education, unskilled medium strength work history, and physical and psychological impairments, i.e., his medical and non-medical factors. The commission determined he is able to perform different types of unskilled light duty work without requiring him to transfer any skills from his former positions of employment. This determination necessarily obviates any need to specify which skills relator would need to transfer in order to do so. The commission relied on the medical reports of Drs. Fallon and Murphy to support its decision.
 {¶ 5} In its order, the commission determined that relator's age is a positive vocational factor, while his lack of formal education and unskilled medium strength work history are not positive factors. Relator seems to argue that one positive factor compared with two negative factors requires the commission to grant his application. However, the relative weight of these factors is solely the commission's responsibility. State ex rel. Hart v. Indus. Comm. (1993),66 Ohio St.3d 95, 97.
 {¶ 6} As the Supreme Court has stated:
Given claimant's relatively low level of impairment, the commission reasoned that, with the claimant's ability to read, write, and do math, sedentary work was not absolutely precluded. This conclusion was within the commission's prerogative as the exclusive evaluator of disability, and we will not substitute our judgment for that of the commission's.
State ex rel. Moss v. Indus. Comm. (1996), 75 Ohio St.3d 414, 416.
{¶ 7} Since there is some evidence in the record to support the commission's decision denying relator's application for PTD compensation, the commission did not abuse its discretion in so finding.State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, syllabus; Moss, supra. A person who is capable of any sustained remunerative employment is, by definition, neither permanently nor totally disabled. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693, 695. The commission's order complies with the requirements of Noll, supra. Relator's objection is therefore overruled.
 {¶ 8} Following an independent review of the record, we find the magistrate has properly determined the facts and applied the appropriate legal standards. We therefore adopt the magistrate's decision as our own, including the findings of fact and conclusions of law it contains. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objection overruled; writ of mandamus denied.
LAZARUS and WATSON, JJ., concur.
MAGISTRATE'S DECISION
IN MANDAMUS
 {¶ 9} Relator, Ronald Biars, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying his application for permanent total disability ("PTD") compensation and ordering the commission to issue an order either granting his application for PTD compensation or granting or denying his application with an order which complies with State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203.
 Findings of Fact {¶ 10} 1. Relator sustained a work-related injury on April 12, 1991, and his claim has been allowed for: "contusion and abrasion to face, neck, and scalp; lumbar strain; contusion back of buttocks; major depression; post-traumatic radiculopathy at L5-S1."
 {¶ 11} 2. On September 28, 2001, relator filed an application for PTD compensation supported by the October 16, 2000 report of S. Douglas Deitch, M.D., who opined as follows:
 {¶ 12} "I believe the patient is presently disabled from returning back to the type of work for which he is accustomed to. I feel his condition is likely permanent. It is reasonably related to his work related injury."
 {¶ 13} 3. Relator also submitted the February 6, 2002 vocational report prepared by Beal D. Lowe, Ph.D. Dr. Lowe concluded as follows:
 {¶ 14} "This assessment finds Mr. Biars to possess residual employability if he is found to have physical functional capacity to perform Light employment. However, in considering whether Mr. Biars actually possesses capacity for such employment, attention must be focused on his capacity to stand and walk over the course of a work day with very little opportunity, in most work settings, to sit. Representative Light occupations which would be available to Mr. Biars would primarily include only the lowest paid entry Light food service or kitchen occupations in which breaks from standing and walking are usually rare.
 {¶ 15} "This assessment finds Mr. Biars to be permanently and totally disabled if he is found to be physically restricted to Sedentary employment. As a man with a 7th grade education whose work has never required significant academic abilities, he is found to lack academic capacity to perform any Sedentary retail or clerical occupation. Sedentary industrial production jobs do not exist in significant numbers in the Ohio economy. Mr. Biars' educational and work history does not demonstrate potential for academic remediation."
 {¶ 16} 4. At the request of the commission, relator was examined by Timothy J. Fallon, M.D., who issued a report dated December 11, 2001. Dr. Fallon concluded that relator was capable of light duty work and further concluded as follows:
 {¶ 17} "This is a gentleman who has complaints of low back pain. He has also had a problem with contusion and abrasion of the face, neck and scalp but there is no evidence of any abrasions ongoing at this time. The scalp itself was examined and no scars or defects were noted. I am unable to find evidence at this time of any impairment from the allowed condition of contusion and abrasion of face, neck and scalp. From the standpoint of the lumbar strain and contusion of the back and the radiculopathy at L5-S1, this as well as the other conditions are ones that are stabilized and are MMI. Using the AMA guides, Fourth Edition, they are best represented by a DRE Lumbosacral Category III which is a 10% whole person impairment. It would restrict him from the standpoint of his strength capabilities to a light strength rating. He would be able to return to work activity he had done in the past such as painting."
 {¶ 18} 5. The commission also had relator examined by Michael A. Murphy, Ph.D., for an evaluation concerning his allowed psychological condition. Dr. Murphy concluded that relator had reached maximum medical improvement, assessed an 18 percent permanent partial impairment, concluded that relator's allowed condition was not work prohibitive and that he would be capable of employment in his former capacity.
 {¶ 19} 6. Relator's application was heard before a staff hearing officer on September 28, 2001, and resulted in an order denying his application. The commission noted that, although relator's attending neurologist, Dr. Deitch, opined that relator was disabled from returning to his former position of employment, Dr. Deitch did not provide an opinion as to what relator's current physical capacity is. The commission relied upon the report of Dr. Fallon, and concluded that relator had the residual functional capacity to perform light duty work. The commission also relied upon the report of Dr. Murphy for the conclusion that relator's allowed psychological condition would not prohibit him from returning to his former position of employment or other employment. With regard to the non-medical factors, the commission stated as follows:
 {¶ 20} "The claimant's age of 49 is found to be a positive vocational factor. His 7th grade education, and unskilled medium strength work history are not found to be positive vocational factors. The claimant, however, is found to be capable of performing a number of different types of unskilled light duty work, including but not limited to various types of assembly work, parking lot attendant, small parcel delivery, and security guard work. With some short on-the-job training the claimant should be capable of performing a number of different semi-skilled light duty jobs. The claimant's own vocational specialist, Dr. Lowe, has indicated that, based on a light duty functional capacity, the claimant would be capable of performing work, such as food service or kitchen occupations.
 {¶ 21} "Therefore, based on the conclusions of Drs. Murphy and Fallon, and the above analysis of his non-medical disability factors, it is found that the claimant is not permanently precluded from performing any type of sustained remunerative employment."
 {¶ 22} 7. Thereafter, relator filed the instant mandamus action in this court.
 Conclusions of Law {¶ 23} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v.Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 24} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. Noll, supra.
 {¶ 25} Relator contends that the commission's order constitutes an abuse of discretion in the following regards: (1) the commission has a duty to discuss what skills, if any, will transfer to an injured worker's residual functional capacity and the commission failed to do so; and (2) the record is devoid of any information that would suggest that relator has a capacity for retraining that would enable him to develop skills for light or sedentary duty employment. For the reasons that follow, this magistrate finds that the commission's order does not violate Noll, and recommends that this court deny relator's request for a writ of mandamus.
 {¶ 26} The commission relied upon the medical reports of Drs. Fallon and Murphy and concluded that relator was capable of performing light duty work. The commission noted that relator's age was a positive factor, but that neither his seventh grade education nor his history of medium strength work were positive factors. However, the commission found that relator was capable of performing a number of different types of unskilled light duty work including various types of assembly work, work as a parking lot attendant, small parcel delivery, and security guard work. The commission concluded that, with some short on-the-job training, relator should be capable of performing a number of different semi-skilled light duty jobs. The commission noted that Dr. Lowe also concluded that relator possessed residual employability if found to have the physical capacity to perform light duty work and that he would be capable of performing work, such as food service or kitchen occupations.
 {¶ 27} Relator is correct that the commission has a duty to note what transferable skills, if any, a claimant has which would enable them to perform work other than their former position of employment. However, as in the present case, when the commission does not find that a claimant has any transferable skills, there is no duty on the part of the commission to make such a statement. In the present case, the commission did not, in determining that claimant was not entitled to PTD compensation, conclude that relator had transferable skills which the commission failed to identify. The commission determined that relator could perform certain unskilled light duty jobs for which he would not need any transferable skills. As such, there is no abuse of discretion in this regard.
 {¶ 28} Relator also contends that the commission abused its discretion because there is no evidence in the record to indicate that relator is capable of retraining. However, the commission did not determine that relator was capable of retraining. Instead, the commission noted that, with some brief on-the-job training, relator should be able to perform a number of different semi-skilled light duty jobs. This argument is not well-taken as well.
 {¶ 29} Based on a review of the commission's order, this magistrate concludes that the commission's order does not violate Noll. The commission identified the medical evidence upon which it relied and addressed the non-medical disability factors in a brief but sufficient manner. The criticisms raised by relator are simply not born out by review of the commission's order.
 {¶ 30} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying his application for PTD compensation and this court should deny relator's request for a writ of mandamus.
 /s/ Stephanie Bisca Brooks STEPHANIE BISCA BROOKS MAGISTRATE
[1] We note that the magistrate who presided over this case did so as an extension of this court pursuant to our order of reference. Civ.R. 53(C). The magistrate issued a decision containing findings of fact and conclusions of law, pursuant to this court's order. Civ.R. 53(E)(1) and (2). While the magistrate's decision may agree with the position advanced by one party, it remains a court decision and is not an additional appellate brief. Any suggestion that the magistrate "argues" a position in conjunction with the commission is not well-taken.