DECISION
{¶ 1} Relator, Wanda W. Barker, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying her application for permanent total disability compensation, and to issue an order finding that she is entitled to permanent total disability compensation pursuant to State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. In the alternative, relator requests a limited writ of mandamus ordering that the claim be returned to the commission for a new hearing followed by an order either granting or denying her application for permanent total disability compensation.
{¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded relator has not demonstrated the commission's order fails to satisfy the requirements of State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, nor has relator demonstrated that relief under Gay is warranted. Accordingly, the magistrate determined the requested writ should be denied.
{¶ 3} Relator has filed two objections to the magistrate's conclusions of law.
{¶ 4} Relator's first objection contends the commission's analysis of the nonmedical factors is inadequate. In particular, relator points to a sentence from the commission's order stating that a fully literate citizen with a high school diploma is inherently capable of sustained remunerative employment. Were that sentence the commission's sole analysis, we would agree that the analysis is inadequate. However, as the magistrate noted, the commission discussed various nonmedical factors, including relator's age, her education, her past employment, and the opinion of the vocational expert who opined that claimant is eligible for a number of entry-level jobs.
{¶ 5} Relator nonetheless suggests the commission's analysis here is similar to that set forth in Gay, supra. Initially, the facts of Gay are substantially different than those here. In Gay, although the claimant was younger than relator, (1) he had only a ninth grade education and had worked solely as a construction laborer for almost 30 years, (2) the injuries made it impossible for him to continue to perform his job, and (3) the vocational expert in that case further found him incapable of sustained remunerative employment. Moreover, the commission in Gay did not analyze the nonmedical factors, but simply stated them, noting that the claimant "is sixty-one years of age and has a ninth grade education. He has worked for the water department for twenty-nine years rising to the position of maintenance crew leader, indicating supervisory potential."
{¶ 6} By contrast, the commission order at issue, while brief, discusses the various nonmedical factors and whether they negatively or positively impact on relator's ability to engage in sustained remunerative employment at the sedentary level. As the magistrate properly concluded, the discussion, while brief, is sufficient to satisfy Noll. Relator's first objection is overruled.
{¶ 7} Similar to her first objection, relator's second objection contends the commission's order failed to set forth an explanation sufficient to allow a reviewing tribunal to understand the evidence. In particular, relator contends the commission's order found relator has marketable job experience, but failed to indicate the basis for the conclusion. Contrary to relator's objection, the commission specifically noted relator's past work history, and based on it determined relator had marketable job experience. Moreover, although relator contends the commission improperly relied on the vocational expert's report that showed only limited access to entry level jobs, the report indicated relator's access to a number of jobs, and the commission properly could rely on the report for that evidence. Relator's second objection is overruled.
{¶ 8} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it with one modification: in ¶ 28 the magistrate states that "[r]elator contends that the commission's explanation is insufficient and that the commission's statement that a full illiterate citizen with a high school education is capable of performing sustained remunerative employment is clearly a misstatement of law." That statement is modified to change the words "full illiterate" to "fully literate." In accordance with the magistrate's determination, we deny the requested writ of mandamus.
Objections overruled; writ denied.
KLATT and DESHLER, JJ., concur.
 APPENDIX A IN MANDAMUS
{¶ 9} Relator, Wanda W. Barker, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for permanent total disability ("PTD") compensation and ordering the commission to issue an order finding that she is entitled to PTD compensation pursuant to State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. In the alternative, relator requests a limited writ of mandamus ordering that the claim be returned to the commission for a new hearing followed by an order either granting or denying her application for PTD compensation.
Findings of Fact:
{¶ 10} 1. Relator sustained a work-related injury on September 8, 1998, and her claim was ultimately allowed for the following conditions: "Sprain hip and thigh NOS, left; sprain lumbosacral; aggravation of pre-existing arthritis of lumbar spine and multiple level disc disease."
{¶ 11} 2. Temporary total disability compensation was paid from the date of injury through September 27, 1999, and from July 13, 2000 through May 2, 2001.
{¶ 12} 3. On July 12, 2001, relator filed an application for PTD compensation supported by the July 2, 2001 report of her treating physician, Dr. Robert M. Holley, who stated as follows in his report:
{¶ 13} "This 71-year-old white female has been seen by me for several years for an injury to her lower back.
{¶ 14} "At this time, she has no evidence in improvement in her function or level of pain and still has moderate impairment of her range of motion and level of activity.
{¶ 15} "Because of her failure to improve despite conservative therapy and her advanced age which will probably make her not the best candidate for surgical intervention, I believe this patient is permanently and totally disabled."
{¶ 16} 4. On September 20, 2001, relator was examined by commission specialist, Dr. James H. Rutherford, who issued a report dated October 1, 2001. Dr. Rutherford opined that relator had a 21 percent permanent partial impairment and that she had some functional limitations. Dr. Rutherford opined that relator was capable of doing sedentary work activities lifting up to ten pounds occasionally with no stooping, bending, climbing, or crawling. He noted further that she can do occasional standing and walking and that she can drive for her own transportation but could not drive heavy equipment. Dr. Rutherford opined that, with regard to a physical strength rating, relator was capable of sedentary work activity.
{¶ 17} 5. An employability assessment was prepared by Lynne Kaufmanz, M.S., who indicated that relator would have very limited access to sedentary jobs such as order clerk, referral and information aide, routing clerk, preparer, microfilming, check cashier, and sorter due to her inability to stoop or bend. Ms. Kaufmanz noted that, at 71 years of age, relator would be expected to have difficulty adapting to new entry-level jobs. Relator's high school education and her self-reported ability to read, write and do basic math, were seen as sufficient to meet the academic demands of many entry-level jobs.
{¶ 18} 6. Relator's application was heard before a staff hearing officer ("SHO") on January 8, 2002, and resulted in an order denying her application. The SHO relied upon the report of Dr. Rutherford and adopted his conclusion that relator retained the residual capacity to perform sedentary work. With regards to the nonmedical factors, the SHO noted as follows:
{¶ 19} "The Staff Hearing Officer understands that the injured worker is 71 years of age (date of birth 11/29/1929). She has, however, a completed high school education and reports herself as fully literate.
{¶ 20} "The Staff Hearing Officer is convinced that a fully literate citizen with a high school diploma is inherently capable of sustained remunerative employment.
{¶ 21} "The Staff Hearing Officer notes that she reports work experience as a sales person, manager of a convenience market, bookkeeper, and owner of a furniture store. Even at her age, the SHO finds this to be marketable job experience.
{¶ 22} "Lynne Kaufmanz, M.S., was of the opinion claimant is eligible for many entry level jobs, bolstering the opinion the SHO formed upon his own review of the evidence.
{¶ 23} "Serious as they are, the injured worker's industrially recognized conditions do not remove her from sustained remunerative employment."
{¶ 24} 7. Relator's request for reconsideration was denied by order of the commission typed February 19, 2002.
{¶ 25} 8. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
{¶ 26} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
{¶ 27} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. Gay, supra. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
{¶ 28} In this mandamus action, relator contends that the commission's analysis of the nonmedical disability factors was inadequate and that proper consideration of those factors leads to the conclusion that she is entitled to PTD compensation. Relator contends that she is a person of advanced age, with no transferable skills to sedentary work and that she is permanently and totally disabled. Relator contends that the commission's explanation is insufficient and that the commission's statement that a full illiterate citizen with a high school education is capable of performing sustained re-munerative employment is clearly a misstatement of law.
{¶ 29} In the present case, the commission relied upon the medical report of Dr. Rutherford who opined that relator was capable of performing sedentary work provided that she do no stooping, bending, climbing, or crawling. The commission noted that relator was 71 years old. Clearly, this places relator in the category of a person of advanced age; however, it is undisputed that there is not an age, ever, in which reemployment is held to be a virtual impossibility as a matter of law. See State ex rel. Pass v. C.S.T. Extraction Co. (1996), 74 Ohio St.3d 373; State ex rel. DeZarn v. Indus. Comm. (1996), 74 Ohio St.3d 461; and State ex rel. Bryant v. Indus. Comm. (1996), 74 Ohio St.3d 458. The commission further noted that relator had a high school education and that she had indicated that she had an ability to read, write and do basic math. This, in and of itself, is a positive vocational factor. The commission then noted that relator had a work history as a sales person, a convenience market manager, a bookkeeper, and owner of a furniture store, and noted that this was marketable job experience. Although the commission's analysis is not lengthy or in depth, it is sufficient. Contrary to relator's assertion, the commission has not articulated a new standard whereby any person with a high school education and the ability to read, write and perform basic math would be denied PTD compensation. The commission simply noted those as positive factors in the present case. Furthermore, the fact that the commission did not address the timing involved regarding relator's work experience and the fact that she had only returned to the labor market after her husband had died, does not invalidate the commission's order or indicate that the commission was unaware of relator's vocational history. Further, the fact that Ms. Kaufmanz indicated that relator did not have any transferable skills to sedentary work activities does not mean that the commission, as the exclusive evaluator of disability, could not determine that relator was capable of performing some sustained remunerative employment in entry-level work activities. In fact, Ms. Kaufmanz herself indicated that, although her access to sedentary jobs would be limited, relator had the ability to perform certain entry-level sedentary jobs.
{¶ 30} Relator has not demonstrated that the commission's order fails to satisfy the requirements of Noll. As such, neither a limited writ of mandamus is warranted nor is relator entitled to relief pursuant to Gay. As such, based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying her application for PTD compensation and this court should deny relator's request for a writ of mandamus.