THE STATE EX REL. BOWLING, APPELLANT, *v.* NATIONAL CAN CORPORATION; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Bowling v. Natl. Can Corp.* (1996), 77 Ohio St.3d 148.]

(No. 94–2360—Submitted October 8, 1996—Decided December 11, 1996.)

*Gibson & Robbins–Penniman* and *Gus Robbins–Penniman,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellee.

———————

*Per Curiam.* Claimant seeks to compel an award of permanent total disability compensation pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The commission seeks to uphold its order as is. For the reasons to follow, we find in the commission's favor.

Medically, Dr. Kackley anchors the commission's conclusion that claimant is physically capable of sustained remunerative employment. Equally important, the only evidence that claimant's psychological condition was work-prohibitive was properly rejected by the commission. Thus, there was "some evidence" supporting the commission's determination that claimant has a medical capacity for sedentary to light work.

We note with interest that claimant's allowed conditions did not remove him from sustained remunerative employment. Claimant was working until the plant closed in 1974. Claimant never worked again, despite the lack of any medical prohibition. Claimant's paucity of treatment suggests that his medical condition has changed little, if any, since that time. This, in turn, implies that the allowed conditions were not work-prohibitive then, nor are they now.

In the nonmedical analysis that followed, the commission discounted Dr. Riccio's vocational report after finding that his review of claimant's work history was incomplete. This determination was within the commission's prerogative and not an abuse of discretion.

The commission's independent review of claimant's nonmedical factors determined that claimant's age, education, and work history, while not entirely favorable, were not insurmountable barriers to re-employment. The commission stressed the claimant's failure to make any effort to enhance his re-employment prospects.

The commission—as do we—demands a certain accountability of this claimant, who, despite the time and medical ability to do so, never tried to further his education or to learn new skills. There was certainly ample opportunity. At least fifteen years passed between the plant closure and claimant's application for permanent total disability compensation, and claimant was only age forty-seven when the plant shut down. Under these circumstances, we do not find that the commission's decision constituted an abuse of discretion.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.