DECISION
{¶ 1} Relator, Donald Burke, seeks a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying his application for permanent total disability ("PTD") compensation, and to order the commission to find that he is entitled to PTD compensation.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law, and has recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) The magistrate determined that the commission did not abuse its discretion in denying relator's application for PTD. The magistrate identified and discussed the nonmedical factors relied upon by the commission and concluded that there was some evidence that relator was capable of sustained remunerative employment. No objections were filed to the magistrate's decision.
 {¶ 3} Finding no error or other defect on the face of the magistrate's decision, pursuant to Civ.R. 53(C), we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. In accordance with the decision of the magistrate, the requested writ of mandamus is denied.
Writ of mandamus denied.
Bowman and Petree, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Donald Burke, : Relator, : v. : No. 03AP-1256 Industrial Commission of Ohio and : (REGULAR CALENDAR) Green Township, Scioto County, Trees-Forestry Cemeteries Dept., : Respondents. :
 MAGISTRATE'S DECISION Rendered on May 20, 2004 Philip J. Fulton Law Office, William A. Thorman, III andPhilip J. Fulton, for relator.
Jim Petro, Attorney General, and Kevin J. Reis, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 4} Relator, Donald Burke, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied his application for permanent total disability ("PTD") compensation, and ordering the commission to find that he is entitled to PTD compensation.
Findings of Fact:
 {¶ 5} 1. Relator sustained a work-related injury on May 27, 1971. At the time of his injury, relator was 44 years old. Relator's claim has been allowed for: * * * Lumbosacral sprain; injury to dorsal and cervical spine, shoulder area and neck; anxiety neurosis; bilateral knee injury; disc bulging at L-4, L-5; deg[e]neration of L-5 disc; spurring of the inferior endplate of L-5.
 {¶ 6} 2. Relator has not worked since the date of injury. Further, relator has not sought any vocational or remedial rehabilitation since the date of injury.
 {¶ 7} 3. On November 14, 2000, relator filed his seventh application for PTD compensation. The previous applications had all been denied. On one occasion, this court issued a writ of mandamus after finding that the commission did not supply language explaining how relator was vocationally qualified to perform work when the only evidence as to his transferable skills was that he had none. State ex rel. Burke v. Indus. Comm. (June 16, 1992), Franklin App. No. 91AP-707.
 {¶ 8} 4. On his most recent application for PTD compensation, relator indicated that he was 73 years old, had completed the sixth grade, could read, write, and perform basic math; however, not well, and that his previous employment had been in labor-type jobs, specifically, lawn care at a cemetery.
 {¶ 9} 5. Relator's application was supported by the October 10, 2000 report of Dr. G. Martin Staker, who opined that relator was permanently and totally disabled.
 {¶ 10} 6. Relator also submitted the April 16, 2001 report of John M. Showalter, Ph.D., a psychologist, who noted that relator recently performed poorly on two intelligence tests, opined that relator probably never functioned at a very high level of intelligence or learning ability, indicated that relator does not demonstrate the ability to learn anything other than unskilled jobs, and that, taken into consideration his age, previous work experience and level of education, Dr. Showalter concluded that relator was not a good candidate for rehabilitation.
 {¶ 11} 7. Relator was examined by Dr. Boyd Bowden, who issued a report dated January 24, 2001. After providing his objective findings with regard to relator's allowed physical conditions, Dr. Bowden opined that relator had reached maximum medical improvement ("MMI"), assessed a 14 percent whole person impairment, and concluded as follows with regard to relator's physical strength:
The enclosed physical strength rating was performed. It is to be noted, that most of his problems are circulatory in nature and not related to his injury. Thus, his difficulty in walking is circulatory, rather than musculoskeletal, and has no relationship to his industrial claim. His physical strength rating is established on that basis.
 {¶ 12} Dr. Bowden concluded that relator was capable of performing sedentary and light-duty work.
 {¶ 13} 8. Michael A. Murphy, consulting psychologist, examined relator with regard to his allowed psychological condition and issued a report dated February 3, 2001. Mr. Murphy indicated that relator had elected not to participate in any vocational rehabilitation and that he last worked in 1971. Mr. Murphy noted mild deficits in concentration and attention; however, he also noted that relator's short-term memory as well as his long-term memory and immediate memory were intact. Mr. Murphy noted that relator's anxiety symptoms were very mild, that he had reached MMI, assessed a 12 percent impairment, and opined that relator could return to his former position of employment and could perform any other employment.
 {¶ 14} 9. An employability assessment report was prepared by Lynn S. Mark, M.S., CRC, dated March 16, 2001. Based upon the report of Dr. Staker, Ms. Mark concluded there were no jobs which relator could perform. However, based upon the reports of Dr. Bowden and Mr. Murphy, Ms. Mark listed the following jobs that relator could immediately perform: "inspector (wood prod.)[;] stuffer (toys)[;] laborers helpers, hand label coder (any ind.)[;] gluer (any ind.)[;] sorter (any ind.)[;] cleaner 
polisher (any ind.)[;] assembly, small parts." Ms. Mark indicated that relator's age of 73 would be a major barrier to his returning to employment, that he had the academic ability to meet the basic demands of manual labor entry-level occupations, and noted his 15-year work experience in unskilled labor. Ms. Mark further noted that relator may not reasonably develop academic skills required to perform entry-level sedentary or light jobs and he may be able to learn manual job skills through demonstration and hands-on learning.
 {¶ 15} 10. Relator's application was heard before a staff hearing officer ("SHO") on May 15, 2001, and resulted in an order denying the application. The SHO relied upon the medical reports of Drs. Bowden and Murphy and noted as follows with regards to the disability factors and relator's lack of efforts at rehabilitation:
Although, on its face, claimant's advanced age of 74 would seem a major obstacle to obtaining employment; when viewed in the light of DEZARN [State ex rel. DeZarn v. Indus. Comm. (1996),74 Ohio St.3d 461] and MOSS [State ex rel. Moss v. Clair (1947)148 Ohio St. 642] and considering the fact that claimant was only 44 when he last worked, the SHO holds that the mere passage of years — especially when coupled with a lack of effort at rehabilitation or attempts at retraining — that claimant's current age cannot be considered more than a neutral factor. Claimant's defective formal education of the 6th grade level would similarly, on its face, seem a major obstacle. However again, given the fact that claimant was found suitable for military service, and successfully held jobs involving some skilled work and supervisory responsibilities, — coupled with a lack of any evidence of attempts at remediation in the 30 years since he last worked (see SPEELMAN [State ex rel. Speelman v.Indus. Comm. (1992), 73 Ohio App.3d 757], BF GOODRICH [State exrel. B.F. Goodrich Co. v. Indus. Comm. (1995),73 Ohio St.3d 525], BOWLING [State ex rel. Bowling v. Natl. Can Corp. (1996),77 Ohio St.3d 148], and WILSON [State ex rel. Wilson v. Indus.Comm. (1997), 80 Ohio St.3d 250]) — claimant's education is deemed a neutral factor and held to be sufficient for the type of jobs listed by Ms. Mark. Claimant's work experience is likewise deemed a neutral factor in that it has consisted primarily of unskilled physical work, and lowlevel responsibility and supervision. In that they involved simple repetitive tasks they are deemed adequate preparation for the sort of work set forth by Ms. Mark. Those jobs are likewise held to involve simple repetitive tasks working to standards set by the employer, which claimant's previous employment and military service has shown him to be capable of.
Accordingly, claimant is found not to be removed from all sustained remunerative employment, and is held not to be permanently and totally disabled.
 {¶ 16} 11. Thereafter, relator filed the instant mandamus action in this court. Conclusions of Law:
 {¶ 17} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 18} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus.Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 19} In this mandamus action, relator does not challenge the commission's reliance upon the reports of Drs. Bowden and Murphy. Instead, relator challenges the commission's determination that he was not entitled to PTD compensation based upon his failure to engage in any rehabilitation or attempted retraining. Relator specifically argues that the reports of Dr. Showalter and Ms. Mark indicate that relator would not have benefited in any way from rehabilitation. Furthermore, relator objects to the commission's explanation as to how he could work at all given his nonmedical disability factors. For the reasons that follow, this magistrate concludes that relator is not entitled to a writ of mandamus.
 {¶ 20} It is undisputed that the commission is entitled to demand a certain accountability from a claimant who has failed to further their education or to learn new skills. See State exrel. B.F. Goodrich Co. v. Indus. Comm. (1995), 73 Ohio St.3d 525, and State ex rel. Bowling v. Natl. Can Corp. (1996),77 Ohio St.3d 148. In the present case, relator last worked in 1971 when he was 41 years old. At the time this application was heard, relator was 73 years old. Relator has submitted evidence that, at age 73, he is not capable of being re-trained. However, there is no evidence in the record which would support a determination that, in the 29 years which preceded this application, he was not capable of taking advantage of vocational rehabilitation services or other vocational rehabilitative or job training opportunities. Contrary to relator's assertions, this magistrate finds that the commission did not abuse its discretion by holding this particular relator responsible and accountable for his failure to take advantage of any vocational opportunities for the past 29 years.
 {¶ 21} As stated previously, this is relator's seventh application for PTD compensation. The commission has found that relator was not entitled to PTD compensation six times prior to this. While this court did, in one instance, grant a writ of mandamus ordering the commission to re-determine the issue, the commission again found that relator was not entitled to PTD compensation.
 {¶ 22} An award of PTD compensation is to be reserved for the most severely disabled workers and should be allowed only when there is no possibility for re-employment. While the commission does not have the authority to force a claimant to participate in rehabilitation services, the Supreme Court of Ohio has, on several occasions, indicated that it is disturbed by the prospect that a claimant may simply decide to forgo retraining opportunities that could enhance their re-employment opportunities. See B.F. Goodrich, supra. Relator's first application for PTD compensation was filed in 1987, and the latest one before this one was filed in 1998. Relator has aged in the 12 years since he has been filing PTD applications but the magistrate finds that that is the only difference. PTD compensation should not be paid simply because one has gotten older. In the present case, the question becomes whether or not this particular relator is incapable of performing some sustained remunerative employment due to the allowed conditions, as he asserts, or whether he is incapable of performing some remunerative employment due to the passage of time and his failure to undergo any attempts at rehabilitation.
 {¶ 23} With regard to the commission's analysis of nonmedical disability factors, the commission found relator's age to be a negative factor, but his education level and his work experience to be neutral factors. This was within the commission's authority and this magistrate finds that the commission's order is sufficient in that regard. Furthermore, the commission specifically relied upon the report of Ms. Mark, who listed certain jobs which, in spite of her determination that the nonmedical factors were negative, relator could immediately perform.
 {¶ 24} As the court stated in State ex rel. Wilson v. Indus.Comm. (1997), 80 Ohio St.3d 250, PTD compensation is viewed as compensation of the last resort and is to be awarded only when all reasonable avenues for accomplishing a return to sustained remunerative employment have failed. It is not unreasonable to expect a claimant to participate in return-to-work efforts to the best of his abilities or to take the initiative to improve his re-employment potential. Although, as the court noted, extenuating circumstances can excuse a claimant's nonparticipation in re-education or re-training efforts, claimants cannot expect that a participatory rule, or lack thereof, will go unscrutinized by the commission and by the courts. Although relator has presented evidence that he is currently incapable of rehabilitation, there is no evidence in this record that he could not have benefited from some rehabilitation efforts in the 27 years since his injury and his date of last working.
 {¶ 25} Based on the foregoing, this magistrate finds that relator has not demonstrated that the commission abused its discretion by denying relator's application for PTD compensation and this court should deny relator's request for a writ of mandamus.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE