DECISION ON OBJECTION TO MAGISTRATE'S DECISION
{¶ 1} Relator, Mary M. Skaggs, has filed this original action requesting this court to issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying her permanent total disability ("PTD") compensation. Alternatively, relator seeks a limited writ of mandamus ordering the commission to vacate its order denying PTD compensation and to issue a new order that complies with Ohio law.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision that included findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that the commission abused its discretion by refusing to consider relator's age at the time of the hearing, reasoning that the commission focused entirely on the relator's age at the time of her injury. The magistrate then recommended that this court grant a writ of mandamus ordering respondent to vacate its order denying relator's application for PTD compensation and to issue a new order that either grants or denies the award after a proper analysis of the nonmedical factors, including relator's age.
 {¶ 3} The commission subsequently filed an objection to the magistrate's decision. In its objection, the commission argues that, in its denial of relator's application, it considered relator's age at the time of the hearing. The commission further argues that relator's failure to pursue vocational retraining following her industrial injury precluded a finding that she should be declared permanently and totally disabled.
 {¶ 4} The Supreme Court of Ohio has held that it is "necessary that the commission look at the claimant's age, education, work record, and all other factors, such as physical, psychological, and sociological, that are contained within the record in making its determination of permanent total disability." State ex rel. Stephenson v. Indus. Comm. ofOhio (1987), 31 Ohio St.3d 167, 173. Accordingly, age is a Stephenson
factor that must be addressed in the commission's nonmedical analysis.State ex rel. Bozeman v. Unisource Corp., Franklin App. No. 01AP-1484, 2003-Ohio-747, at ¶ 80; see, also, Ohio Adm. Code 4121-3-34(B)(3)(a) (stating that age "shall be determined at time of the adjudication of the application for permanent and total disability").
 {¶ 5} However, the commission cannot consider age in isolation. Stateex rel. Moss v. Indus. Comm. (1996), 75 Ohio St.3d 414, 417. Rather, the commission "must discuss age in conjunction with the other aspects of the claimant's individual profile that may lessen or magnify age's effects." Id. In its nonmedical analysis, the commission may consider relator's lack of initiative to make "all reasonable efforts to participate in return-to-work activities, to the best of his or her abilities." State exrel. Kilgore v. Indus. Comm. (2000), Franklin App. No. 99AP-503, construing State ex rel. Wilson v. Indus. Comm. (1997), 80 Ohio St.3d 250;State ex rel. B.F. Goodrich Co. v. Indus. Comm. (1995), 73 Ohio St.3d 525;State ex rel. Bowling v. Natl. Can Corp. (1996), 77 Ohio St.3d 148.
 {¶ 6} The Supreme Court of Ohio stated:
We view permanent total disability compensation as compensation of last resort, to be awarded only when all reasonable avenues of accomplishing a return to sustained remunerative employment have failed. Thus, it is not unreasonable to expect a claimant to participate in return-to-work efforts to the best of his or her abilities or to take the initiative to improve reemployment potential. While extenuating circumstances can excuse a claimant's nonparticipation in reeducation or retraining efforts, claimants should no longer assume that a participatory role, or lack thereof, will go unscrutinized.
Wilson, at 253-54.
 {¶ 7} In Bowling, the Supreme Court of Ohio concluded that applicants for PTD compensation may be held accountable for failing to make reasonable efforts to enhance their re-employment potential. Bowling, at 153. In Bowling, the claimant was 47 years old when he last worked, and 62 years old when he filed his PTD application. During the time preceding his PTD application, Bowling did not retrain for light or sedentary work. Furthermore, there was no evidence that Bowling was incapable of retraining for such work. Under the facts and circumstances of the case, given the lack of evidence that the claimant sought to enhance his re-employment potential, the court held that the commission did not abuse its discretion in denying Bowling's application for PTD compensation.
 {¶ 8} Similarly, in the present case, the commission found that relator did not participate in any type of retraining or rehabilitation program following her industrial injury. During the 13 years following her injury, relator did not seek any type of retraining despite the fact that she was only 51 years old when she left the workforce and was capable of undergoing retraining to enhance her employability. (Stipulated Evidence, at 27.) In fact, the Employability Assessment Report of Joseph M. Cannelongo, M.S., indicates that rehabilitation was offered in 1992, but relator did not respond to contact letters. (Stipulated Evidence, at 22.)
 {¶ 9} Furthermore, contrary to relator's assertions, the commission addressed relator's age at the time of the hearing when it concluded that ordinarily her age would appear to be a negative factor that supports relator's application for PTD compensation. (Stipulated Evidence, at 26.) Nonetheless, applying Bowling, the commission emphasized that relator's failure to pursue retraining "precludes a finding that thirteen years later, at age 64, she should be declared" entitled to PTD compensation. Id. Thus, the commission properly addressed relator's age by finding that relator's failure to make any effort to enhance her re-employment potential lessened the effect of her age at the time of the hearing.
 {¶ 10} Even assuming, arguendo, that the commission's review of relator's age was cursory, the absence of a detailed age discussion in the commission's findings is not necessarily fatal. See State ex rel.Rothkegel v. Westlake (2000), 88 Ohio St.3d 409, 411, reconsideration denied, 89 Ohio St.3d 1443 (stating that "the absence of an age discussion is not necessarily a fatal flaw, nor does it, in some cases, even compel a return of the cause"). Nor is the commission's cursory denial of relator's motion for reconsideration a fatal flaw. See State exrel. Extendicare Health Servs. v. Indus. Comm., Franklin App. No. 03AP-1201, 2004-Ohio-5255, at ¶ 6 (holding that the Noll requirement does not apply to the commission's denial of reconsideration).
 {¶ 11} We also find that there was other evidence to support the commission's decision to deny relator's application for PTD compensation. Relator indicated she possessed basic literary skills. Furthermore, the commission found relator's possession of a GED suggested she had the intellectual capacity to undergo additional retraining to develop new work skills. (Stipulated Evidence, at 27.) The commission also found persuasive an independent medical evaluation wherein the evaluator opined that relator has the ability to perform sedentary work. (Stipulated Evidence, at 26.) Because there is "some evidence" in the record that supports the commission's decision, there has been no abuse of discretion and mandamus will not lie. State ex rel. Lampkins v. DaytonMalleable, Inc. (1989), 45 Ohio St.3d 14, 15.
 {¶ 12} Accordingly, we sustain the commission's objections to the magistrate's decision. We adopt the findings of fact contained in the decision, except to the extent that the magistrate erred in her first finding of fact when she found that the date of injury was October 9, 1990, and in her seventh finding of fact when she found that the Staff Hearing Officer ("SHO") heard relator's application for PTD compensation on February 13, 2003. The correct date of the injury was October 8, 1990, and the date of the hearing before the SHO was April 13, 2004. (Stipulated Evidence, at 26.) We do not adopt the magistrate's conclusions of law. We further find that a writ of mandamus should not be issued because the commission did not abuse its discretion in denying relator's PTD application.
Objection sustained; writ denied.
Bryant and McGrath, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Mary M. Skaggs, :
 Relator, :
v. : No. 04AP-649
 :
Industrial Commission of Ohio : (REGULAR CALENDAR)
and Shawnee Nursing Allied :
Services, Inc., :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on January 26, 2005 Heinzerling Goodman, LLC, and Jonathan H. Goodman, for relator.
Jim Petro, Attorney General, and Derrick L. Knapp, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 13} Relator, Mary M. Skaggs, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for permanent total disability ("PTD") compensation, and to either order the commission to grant her said compensation or order the commission to reconsider the matter consistent with Ohio law.
Findings of Fact:
 {¶ 14} 1. Relator sustained a work-related injury on October 9, 1990, and her claim has been allowed for: "severe L3-4 and L4-5 spondylolisthesis with possible herniated disc at both levels."
 {¶ 15} 2. Relator had surgery for her condition in 1991; however, all other treatment has been conservative.
 {¶ 16} 3. On her PTD application, relator indicated that she was 51 years old at the time of her injury; she had attended high school to the 11th grade and later obtained her GED; and that she never participated in any type of retraining or rehabilitation program after her injury.
 {¶ 17} 4. In support of her PTD application, relator attached the August 3, 2003 report of James E. Lundeen, Sr., M.D., who indicated that relator could lift/carry five pounds occasionally, and two pounds frequently; limited her standing/walking to a total of two to three hours per day and 15 to 20 minutes without interruption; limited her sitting to two to three hours per day and 30 minutes without interruption; indicated that relator was precluded from crawling, crouching, and stooping, but that she could occasionally to never climb, balance, and kneel. Dr. Lundeen indicated that pushing and pulling affects her back balance and that she has decreased feeling in her back and legs; and relator should avoid heights, moving machinery, extreme temperatures, humidity and vibration. He concluded as follows:
On the basis of only the allowed condition(s), the medical history and all medical information available at this time, the findings on physical examination being both subjective and objective, it is my opinion that the claimant, Mary Margaret Skaggs, is permanently and totally disabled
as a direct result of the injuries in this claim. There is no expectation of recovery for her from these injuries. The nature and extent of her injuries are sufficient to permanently remove her from the industrial workplace setting. Moreover, I opine that this claimant has no potential for retraining. She has no transferable skill[s].
(Emphasis sic.)
 {¶ 18} 5. Relator was also examined by Terry L. Troutt, M.D., whose report is contained in the record. Following his physical findings, Dr. Troutt assessed an 18 percent whole person impairment; indicated that relator could not return to her prior occupation based only on the allowed conditions; and indicated that relator was limited to only sedentary type of work and that she could optimize her strength, flexibility, conditioning and endurance with a home exercise program. Dr. Troutt also completed a physical strength rating form on December 2, 2003, wherein he indicated that relator could perform sedentary work.
 {¶ 19} 6. An employability assessment report was prepared by Joseph M. Cannelongo, M.S., L.P.C., C.R.C., dated February 3, 2004. Mr. Cannelongo indicated that relator's current age of 64 years would preclude all but short term or academic remediation, that academic remediation would be beneficial but may not be necessary for entry-level positions as her work history demonstrates her ability to obtain and maintain employment at her current skill level.
 {¶ 20} 7. Relator's application for PTD compensation was heard before a staff hearing officer ("SHO") on February 13, 2003, and resulted in an order denying the requested compensation. The SHO relied upon the medical report of Dr. Troutt and concluded that relator could perform work at a sedentary level. The commission then focused on the vocational factors noting that relator's current age of 64 would appear to be a negative factor in terms of her return to the workforce. However, the commission focused on the fact that relator was 51 years old at the time of her injury and noted as follows:
As alluded to earlier, at the time claimant last worked, when she was 51, at that point forward she had the time and ability (due to possession of basic literacy skills) to participate in a retraining program that could have qualified her for sedentary work. The claimant's failure to at least attempt such a retraining program that could have given her the necessary skills to perform entry level sedentary work is determined to be a critical factor in finding that claimant is not entitled to permanent total disability benefits. In this regard it is noted that there is no report on file that stated that the claimant as of 1990 was not a viable vocational retraining candidate.
This failure to undergo a retraining program so that the claimant could qualify for work within her residual capacity is important based on the following cas[e] law precedents. In Speelman v. I.C. (1992), 73 O.App3d 757 it was held that the Commission may consider not only past employment skills but those skills which may be reasonably developed, and may consider the failure of a claimant to undergo rehabilitation or retraining that would permit the claimant's return to work. Similarly, inB.F. Goodrich Co. v. I.C. (1995), 73 O.St.3d 525 the court held that a claimant's lack of participation in retraining does not necessarily translate into an inability to be retrained. Bowling v. National CanCorp. (1996), 77 O.St.3d 148, stated that it demands a certain level of accountability of a claimant, who despite the time and medical ability to do so, never tried to further his education or learn new skills when there was ample opportunity to do so.
In summary, because it has been found that as of the time the claimant last worked, at age 51, she possessed the time and basic ability to be potentially retrained for work within her residual capacity, that her failure to pursue such retraining precludes a finding that thirteen years later, at age 64, she should be declared permanently and totally disabled.
 {¶ 21} 8. The commission noted further that relator's high school equivalency was a positive factor and concluded that relator had the capacity to undergo additional retraining and that, while her prior work history does not give her any immediately transferable skills to sedentary work, that she could have developed such skills had she participated in retraining or rehabilitation. Lastly, the commission indicated that it did not find Mr. Cannelongo's opinion to be valuable as it was based on relator's advanced age of 64 without an analysis of her overall job potential when she last worked at age 51.
 {¶ 22} 9. Relator filed a motion for reconsideration asserting that the SHO erred by focusing on her age at the time of her injury.
 {¶ 23} 10. Relator's application for reconsideration was denied by order of the commission mailed June 4, 2004.
 {¶ 24} 11. Thereafter, relator filed the instant mandamus action in this court. Conclusions of Law:
 {¶ 25} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v.Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 26} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel.Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 27} In this mandamus action, relator focuses on the commission's statements regarding her age at the time of her injury and asserts that the commission abused its discretion by denying her PTD compensation based upon this fact without considering her age at the time of the adjudication. This magistrate agrees.
 {¶ 28} The commission focused entirely on relator's age at the time of her injury. The hearing officer noted that relator had been 51 years old when she last worked and that, in the 13 years since that time, she had failed to pursue any rehabilitation or retraining. Because of her 13 year failure to pursue rehabilitation or retraining, the hearing officer concluded that, even though relator was now 64 years old, she was precluded from being declared permanently and totally disabled.
 {¶ 29} The commission can take a claimant's failure to pursue rehabilitation or retraining into account. The commission may consider not only past employment skills, but those skills which may have been or may still be developed. State ex rel. Speelman v. Indus. Comm. (1992),73 Ohio App.3d 757, and State ex rel. B.F. Goodrich Co. v. Indus.Comm. (1995), 73 Ohio St.3d 525. While the commission does not have the authority to force a claimant to participate in rehabilitation services, the commission can consider such failure in determining entitlement to PTD compensation because an award of those benefits should be reserved for the most severely disabled workers and allowed only when there is no possibility for reemployment. B.F. Goodrich, at 529.
 {¶ 30} In State ex rel. Bowling v. Natl. Can Corp. (1996),77 Ohio St.3d 148, the commission had denied PTD compensation to a claimant who was 47 years old when he last worked and 66 years old at the time of the hearing. The commission noted that, in the 19 years since he had last worked, the claimant had not attempted to improve his educational skills and/or retrain for light or sedentary work. Further, the commission noted that there was no evidence claimant lacked the ability to have done so. The commission concluded:
* * * Considering the lack of vocational evidence showing the claimant was unable to further educate and retrain after he last worked, it is found the claimant has not met his burden of proving such was not possible. Therefore, his current limited education and older age are not found to be factors supporting disability. * * *
Id. at 152.
 {¶ 31} Even though the commission denied the claimant's request for PTD compensation, in large part, on his 19 year failure to improve his educational skills and retrain, the commission still considered the claimant's age at the time of the hearing. In the present case, the commission refused to consider relator's age at the time of the hearing. The magistrate finds that this constitutes an abuse of discretion.
 {¶ 32} Relator also argues that the commission abused its discretion by summarily denying his motion for reconsideration. In light of the magistrate's determination of the first issue, this issue is rendered moot.
 {¶ 33} Based on the foregoing, it is this magistrate's decision that this court should grant a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order denying relator's application for PTD compensation and ordering the commission to issue a new order, either granting or denying the award, after a proper analysis of the nonmedical factors, including claimant's age.