DECISION
{¶ 1} Relator, Russell L. McNeal, commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying him permanent total disability ("PTD") compensation and to issue an order granting said compensation.
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including *Page 2 
findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate found that the commission properly analyzed the claimant's nonmedical disability factors. Noting that the commission analyzed the claimant's nonmedical disability factors just 16 months prior to the application at issue herein, the magistrate determined that the commission did not abuse its discretion when it found that relator was capable of sustained remunerative employment. It was undisputed that the nonmedical disability factors in relator's current application were the same as in relator's previous application, except that relator was now approximately one and one-half years older. Therefore, the magistrate found that the commission did not abuse its discretion in denying relator PTD compensation. Accordingly, the magistrate has recommended that we deny relator's request for a writ of mandamus.
 {¶ 3} Relator has filed an objection to the magistrate decision, essentially arguing that the magistrate should have found the commission abused its discretion because it failed to take into account that relator was now one and one-half years older. We disagree.
 {¶ 4} As discussed by the magistrate, the commission analyzed the disability factors, including relator's age, when it denied relator's 2004 application. When relator filed his second application for PTD one and one-half years later, the relevant factors remained essentially the same. The only factor that changed was that relator was now approximately one and one-half years older. Given the relatively short period of time that elapsed between the two applications, we agree with the magistrate that the commission did not abuse its discretion when it referred back to its prior order and analysis of the disability factors and concluded that relator was capable of performing at a sedentary work level. As respondent points out, workers' compensation was never intended to *Page 3 
compensate claimants for simply growing old. State ex rel. Moss v.Indus. Comm. (1996), 75 Ohio St.3d 414, 416. Therefore, we overrule relator's objection.
 {¶ 5} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus.
Objection overruled; writ of mandamus denied.
BRYANT and DESHLER, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION Rendered on April 26, 2007 IN MANDAMUS {¶ 6} Relator, Russell L. McNeal, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied his application for permanent total disability ("PTD") compensation and ordering the commission to either grant him PTD compensation or, in the alternative, to conduct further proceedings on the matter. *Page 5 
Findings of Fact: {¶ 7} 1. Relator has sustained several separate work-related injuries and his claims have been allowed as follows:
 CLAIM NO.: 98-507816 — SPRAIN SHOULDER/ARM NOS, RIGHT.
 CLAIM NO.: PE664920 — RIGHT SIDE OF FACE, HEAD, UPPER AND LOWER BACK; LEFT SIDE OF BOTH KNEES AND RING FINGER, LEFT HAND.
 CLAIM NO.: PEL218780 — CERVICAL STRAIN; LUMBAR STRAIN.
 CLAIM NO.: 96-605524 — SPRAIN ELBOW/FOREARM NOS, LEFT; SPRAIN LUMBAR REGION.
 CLAIM NO.: 97-477585 — SPRAIN OF NECK; SPRAIN SHOULDER/ARM NOS, LEFT.
 CLAIM NO.: 98-418744 — FOREIGN BODY EXTERNAL EYE, NOS LEFT.
 [CLAIM NO.:] PEL64557 — LUMBAR SPINE STRAIN; LEFT WRIST AND ELBOW CONTUSION.
 {¶ 8} 2. Relator filed his first application for PTD compensation in November 2003.
 {¶ 9} 3. Relator's first application for PTD compensation was heard before a staff hearing officer ("SHO") on November 23, 2004, and was denied. The SHO relied upon the medical report of James T. Lutz, M.D., and concluded that relator was capable of performing sedentary work provided there was no repetitive use of his right upper extremity. Thereafter, the SHO considered the nonmedical disability factors and concluded that relator was capable of performing some sustained remunerative employment as follows:
 The Staff Hearing Officer has evaluated the vocational report submitted by the Industrial Commission. The vocational *Page 6 
expert opined the injured worker to possess a strong work ethic and the ability to read, write and perform basic math adequately. The vocational expert does state that the injured worker's age is a barrier to some entry-level positions and his education may make acquisition of new skills difficult. The vocational expert does state that new skills may not be necessary for entry-level positions as the injured worker has always worked at that level. The District [H]earing Officer finds that the injured worker, a 71 year old man with a 11th-12th
grade education and an unskilled work history has the capability of performing sustained renumerative [sic] employment at entry level positions of employment based upon the allowed conditions in the seven (7) claims filed with the permanent total disability application.
 Therefore, the permanent total disability application filed 11/04/2003, is denied.
 This order is based upon the medical report of Dr. Schear 07/23/2004, Dr. Lutz 08/16/2004, and Vocational Report of Mr. Cannelongo 09/23/2004.
 {¶ 10} 4. Relator filed his second application for PTD compensation in April 2006. In support of his application, relator submitted the report of James E. Lundeen, Sr., M.D., dated January 5, 2006. After providing his physical findings upon examination, Dr. Lundeen completed a physical capacity evaluation. Dr. Lundeen opined that relator could lift and/or carry up to five pounds occasionally, and up to two pounds frequently; stand and/or walk between two to three hours a day and for 60 minutes without interruption; sit for between two to three hours per day and for 90 minutes without interruption; climb, balance, stoop, crouch, and kneel occasionally, but never crawl; reaching, handling, feeling and pushing/pulling were affected; and relator must avoid heights, moving machinery, temperature extremes, humidity and vibration. Dr. Lundeen opined that relator was permanently and totally disabled as follows:
 On the basis of only the allowed condition(s) of these industrial claims, the medical histories and all medical information available at this time to this examiner, the findings on physical examination being both subjective and *Page 7 
objective, it is my opinion that the claimant, Russell Lee McNeal, is permanently and totally disabled as a direct result of the injuries in these industrial claims. There is no reasonable expectation of recovery from these injuries. The natures and extents of injuries sustained in these industrial accidents are more than sufficient to permanently remove this claimant from the industrial workplace setting. Furthermore, I opine that he has no potential for retraining.
(Emphasis sic.)
 {¶ 11} 5. Respondent City of Dayton ("employer") had relator examined by Seth H. Vogelstein, D.O., who issued a report dated May 16, 2006. After noting the history of relator's injuries and reviewing the medical evidence which was submitted to him, Dr. Vogelstein provided his physical findings upon examination and concluded:
 Based on today's physical examination, as well as the allowed conditions in his many claims, it is my medical opinion that the impairment resulting from his allowed conditions does not preclude him from returning to sustained remunerative employment. Again, it is noted that the vast majority of his allowed conditions involve simple sprains and strains. He has never required any surgery for his injuries. He does have an unrelated cervical fusion from 1982. He does have some range of motion limitations in his cervical and lumbar region, however not to the point that would preclude him from performing duties in a sedentary to light category. He has abnormal gait at this point, and is able to move about without any significant difficulty or discomfort. Again, in my medical opinion, these seven industrial injures would not prevent him from returning to work.
 At this point, in my medical opinion, Mr. McNeal would be able to perform duties in the sedentary or light category. He relates that he is able to perform lifting activities at this point, up to 10-12 lb. He states that he does do light housework at home, and does continues to drive. In my opinion, he would be able to perform similar activities at work, with appropriate restrictions. Essentially, at this point, he should avoid lifting activities above 20 lb on an occasional basis and 10 lb on a regular basis. He would need to avoid frequent bending, stooping, or squatting. He should, at this point, avoid climbing or crawling. He would benefit from the ability to get up and move around at least once every several hours. Again, it must be noted that all of these restrictions and *Page 8 
limitations are actually related to the allowed conditions in this claim. Many of his present complaints cannot be attributed to his multiple sprains and strains. In fact, it is medially probable that a significant portion of the allowed conditions in his multiple claims have by this point resolved. In any event, the above restrictions and limitations would be beneficial to Mr. McNeal, in my medical opinion.
 {¶ 12} 6. Relator was also examined by Stephen W. Duritsch, M.D., a commission specialist. In his report dated July 12, 2006, Dr. Duritsch noted the history of relator's injuries and provided his physical findings upon examination. Thereafter, Dr. Duritsch concluded that relator had reached maximum medical improvement, assessed a 38 percent whole person impairment for all of relator's claims, and concluded that relator was capable of performing work at the sedentary level.
 {¶ 13} 7. Relator submitted a vocational report from Molly S. Williams who concluded that, based upon the nonmedical disability factors, relator was permanently and totally disabled. Ms. Williams provided the following opinion:
 * * * I have reviewed and formally adopt the factual findings as previously stated above. However, when the disability factors are correctly identified, stated, and considered: an individual unable to perform his customary past relevant work as a Laborer/Truck Driver; an individual of advanced age (age fifty-five or over); an individual with a limited education (seventh grade through the eleventh grade) completed in the remote past (1950's); an individual with no transferable skill(s); and an individual not expected to make a vocational adjustment to other work based upon the allowed physical impairments as assessed by The Industrial Commission's Specialist, Stephen W. Duritsch, M.D., it is obvious that the claimant is permanently and totally disabled.
 {¶ 14} 8. Relator's second application for PTD compensation was heard before an SHO on September 25, 2006. The SHO noted the medical evidence in the file and ultimately relied upon the medical report of Dr. Duritsch and concluded that relator was *Page 9 
capable of performing at a sedentary work level. Thereafter, the SHO provided the following analysis and denied relator's application:
 Previously, the injured worker had filed an application for Permanent Total Disability benefits on 11/04/2003. That application was denied by Industrial Commission order dated 11/23/2004.
 The Staff Hearing Officer finds that the injured worker last worked in any capacity in June of 1999. The finding is based upon the injured worker's testimony at hearing. The injured worker further testified at hearing that since the denial of his application on 11/23/2004, he has treated only with Dr. Schear. When queried by the Hearing Officer regarding that treatment, the injured worker credibly testified that he treats with Dr. Schear every month or two, and that his only treatment regimen is prescription medications. The injured worker testified that he last engaged in physical therapy approximately two to three years ago. The last time apparently being prior to the 11/23/2004 Industrial Commission order denying his Permanent Total Disability compensation benefits at that time.
 It is axiomatic under Ohio Workers' Compensation law that a mere increase in age, rather than in the allowed disability, may not be the sole causative factor to support an award of permanent total disability compensation benefits. Permanent total disability compensation was never intended to compensate an injured worker for simply growing old. State ex rel. DeZarn v. Indus. Comm. (1996), 74 Ohio St.3d 461 and State ex rel. Speelman v. Indus. Comm. (1992), 73 Ohio App.3d 757.
 Since the denial of his last permanent total disability application on 11/23/2004, there have been essentially no changes in the injured worker's claim, but for his increase in age. The only "treatment" sought by and received by the injured worker from his family physician is the maintenance of his prescription medication regimen. No other care has been sought by him, or provided to him. In further support of his application, the injured worker has submitted an Employability Assessment Report dated 08/06/2006.
 The Staff Hearing Officer finds that a comparison of this report with a prior report from the same evaluator with respect to the injured worker's 2003 application finds that *Page 10 
they are virtually identical. No changes are noted in the current Vocation/Employability Assessment Report when compared to the prior report from the same group.
 It is the finding of the Staff Hearing Officer that the injured worker's Permanent Total Disability application is based solely upon an increase in his age. The Staff Hearing Officer finds that the injured worker remains capable of performing work at the level set forth in the Industrial Commission order dated 11/23/2004 and as reflected in the current medical report from Dr. Duritsch, dated 07/12/2006.
 Accordingly, the injured worker's request for payment of permanent total disability benefits is denied.
 {¶ 15} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 16} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 17} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the *Page 11 
commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel.Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203.
 {¶ 18} In this mandamus action, relator contends that the commission's order is defective because the commission ignored the vocational evidence in the record and further completely failed to consider the disability factors. For the reasons that follow, the magistrate finds that relator is not entitled to a writ of mandamus in this case.
 {¶ 19} First, while it is correct that the vocational report from Ms. Williams was the only vocational evidence presented with relator's second application for PTD compensation, the commission did have access to relator's entire file. As noted in the commission's order, the SHO specifically noted that Ms. Williams had provided a report which was "virtually identical" to the vocational report which she prepared for this application. Thereafter, the SHO found that "the injured worker remains capable of performing work at the level set forth in the Industrial Commission order dated 11/23/2004." As such, the SHO noted that Ms. Williams continued to be of the opinion that relator's nonmedical disability factors negatively impact on his ability to obtain and perform sustained remunerative employment in the same manner in which she opined in 2003. The SHO then referenced the prior commission order from November 2004 and concluded that relator remained capable of performing some sustained remunerative employment. *Page 12 
 {¶ 20} It is undisputed that the commission has discretion to accept one vocational report while rejecting another and further that the commission is not bound to accept the opinion of any vocational evaluator because the commission is the ultimate evaluator of disability pursuant to Stephenson. See State ex rel. Jackson v. Indus. Comm.
(1997), 79 Ohio St.3d 266, and State ex rel. Singleton v. Indus.Comm. (1994), 71 Ohio St.3d 117. Second, as noted above, the commission did provide an analysis of the nonmedical disability factors. The SHO referred back to the 2004 order wherein the commission had provided an analysis and ultimately concluded that relator was capable of performing some sustained remunerative employment. The magistrate finds that it was not an abuse of discretion for the commission to refer back to a prior order and, after having noted that relator continued to be capable of performing at a sedentary work level, the only nonmedical disability factor which had changed since 2004 was that relator had aged.
 {¶ 21} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in denying his application for PTD compensation and this court should deny relator's request for a writ of mandamus.
 STEPHANIE BISCA BROOKS, MAGISTRATE *Page 1